IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

       Plaintiff,

vs.                                                No. CV 20-00799 KG/LF

XI JINPING,
PRESIDENT OF CHINA,

       Defendant.

ORDER DENYING MOTION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING FEES OR COSTS

THIS MATTER is before the Court on the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed by Plaintiff Ernesto J. Benavidez on August 10, 2020. (Doc. 2). The Court will deny the Application to Proceed and order Plaintiff to pay the full $400.00 filing fee within thirty (30) days of entry of this Order.

Plaintiff Benavidez is a pretrial detainee incarcerated at the Guadalupe County Correctional Facility. (Doc. 1) at 2. Benavidez is a frequent litigator and well-known to this Court. Actions previously filed by Benavidez include:

*Benavidez v. Rustin,* CV 13-01229 JB/WPL;
*Benavidez v. Alvarado,* CV 14-00174 RB/CG;
*Benavidez v. Bigej,* CV 17-00471 LH/KBM;
*Benavidez v. State of New Mexico,* CV 17-00759 WJ/LF;
*Benavidez v. District Attorney's Office,* CV 18-00314 MV/GJF;
*Benavidez v. Bernalillo County,* CV 18-00356 JCH/KBM;
*Benavidez v. City of Albuquerque,* CV 18-00356 JCH/KBM;
*Benavidez v. Bernalillo County,* CV 18-00752 WJ/SMV.

This is another prison condition civil rights proceeding by Benavidez. (Doc. 1). The filing fee for a § 1983 civil rights proceeding is $400.00. Plaintiff did not pay the $400.00 filing fee but, instead, filed his Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc.2).

1

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff Benavidez has had at least three (3) prior cases dismissed on the grounds that they failed to state a claim upon which relief may be granted or were frivolous. *See, Benavidez v. Bigej*, CV 17-00471 LH/KBM; *Benavidez v. State of New Mexico*, CV 17-00759 WJ/LF; *Benavidez v. City of Albuquerque,* CV 18-00356 JCH/KBM. As Plaintiff Benavidez has previously been advised, he may no longer proceed *in forma pauperis* in this Court unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). *See, e.g., Benavidez v. Bernalillo County*, CV 18-00752 WJ/SMV (Doc. 10).

Benavidez brings this § 1983 civil rights action against the President of China, claiming that President Xi Jinping has been deliberately indifferent in exposing the world to the risk of COVID-19.  (Doc. 1).   Benavidez's Motion for Leave to Proceed (Doc. 2) does not indicate that he is in any imminent danger of serious physical injury.  He bases his Complaint on the COVID-19 pandemic and a generalized risk of death from the COVID-19 virus but does not set out any factual allegations showing a specific risk of imminent serious physical injury to him.  Instead, he seeks an award of damages for alleged emotional distress, not physical injuries. (Doc. 1) at 4, 9.  Benavidez seeks monetary relief "for emotional distress daily (not knowing if I am going to die or if family or friends are going to be safe)."  (Doc. 1) at 5.  The Court will therefore deny Plaintiff leave to proceed pursuant to § 1915(g) and will order Plaintiff to pay the full $400.00 filing fee.  If Plaintiff does not pay the $400.00 filing fee within the thirty-day time period, the Court may dismiss this proceeding without further notice.

IT IS ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) is DENIED; and

IT IS FURTHER ORDERED that Plaintiff Ernesto J. Benavidez pay the full $400.00 filing fee within thirty (30) days of entry of this Order.

_____
UNITED STATES DISTRICT JUDGE