IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERNESTO J. BENAVIDEZ,

       Plaintiff,

vs.                                                                     No. CV 20-00799 KG/LF

XI JINPING,
PRESIDENT OF CHINA,

       Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Ernesto J. Benavidez. (Doc. 1). The Court will dismiss the Complaint, in the alternative: (1) under Fed. R. Civ. P. 41(b) for failure to pay the filing fee and failure to comply with Court orders; (2) under Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction; or (3) under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

Plaintiff Benavidez filed his Prisoner's Civil Rights Complaint on August 10, 2020. (Doc. 1). Benavidez names as the sole Defendant, Xi Jinping, President of the Country of China. (Doc. 1 at 1). He asserts claims against President Xi Jinping for 8th Amendment deliberate indifference, negligence, and infliction of emotional distress by subjecting Plaintiff (and the entire United States) to a risk of illness or death from the COVID-19 virus. (Doc. 1 at 2-4). He seeks to be granted "monetary relief in triplicate for emotional distress daily." (Doc. 1 at 5).

Plaintiff Benavidez also filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. (Doc. 2). On August 12, 2020, the Court denied the Motion under the three-strikes rule, 28 U.S.C. § 1915(g), and ordered Plaintiff to pay the entire filing fee

1

for this proceeding within 30 days.  (Doc. 3).  Plaintiff did not pay the fee and, instead, filed a Notice of Appeal, appealing the denial to the United States Court of Appeals for the Tenth Circuit on August 25, 2020.  (Doc. 6).  On September 22, 2020, the Tenth Circuit ordered Benavidez to pay the $550 appellate filing fee within 30 days under § 1915(g).  (Doc. 9).  When Benavidez did not pay the appellate filing fee, the Tenth Circuit dismissed the appeal on October 26, 2020.  (Doc. 10).

    1. Dismissal for Failure to Pay the Filing Fee:  The filing fee for a § 1983 proceeding is $400.00.  Federal statutes mandatorily require this Court to collect the filing fee:  "The clerk of each district court *shall require* the parties instituting any civil action or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee. . . ."  28 U.S.C. § 1914(a) (emphasis added).  The Court may permit a prisoner to proceed without prepayment of the fee, but only in compliance with the provisions of 28 U.S.C. § 1915.  Plaintiff Benavidez has accrued three strikes under § 1915(g) (Doc. 3), and the Court does not have discretion to allow a prisoner who has accrued three strikes to proceed without paying the filing fee.  28 U.S.C. § 1915(g).  The language of § 1915(g) that "[i]n no event shall a prisoner bring a civil action" is non-discretionary and precludes this Court from allowing Plaintiff Benavidez to proceed without paying the filing fee.  *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179–80 (10th Cir. 2011); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir.1998).

Plaintiff Benavidez has not paid the filing fee for this case as ordered by this Court. (Doc. 3).  Nor has he paid the appellate filing fee as ordered by the Tenth Circuit.  (Doc. 9). The Court may dismiss an action under Rule 41(b) for failure to comply with the rules of procedure or court orders and for failure to prosecute the case.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this proceeding under Fed. R. Civ. P.

41(b) for failure to comply with statutes, failure to comply with Court orders, and failure to prosecute the case.

    2. <u>Dismissal for Lack of Jurisdiction</u>: The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The "minimum contacts" standard may be met, consistent with due process, "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the circumstances surrounding the case. *See id.* at 477–78.

    Although Benavidez alleges the presence of COVID-19 in the State of New Mexico, he does not allege any contacts, much less minimum contacts, between President Xi Jinping and the State of New Mexico. There are no contacts sufficient to allow this Court to exercise personal jurisdiction over Defendant Xi Jinping consistent with due process. *Burger,* 471 U.S. at 472, 477-78. Therefore, the Court alternatively will dismiss the case under Fed. R. Civ. P. 12(b)(2) for lack of jurisdiction.

    3. <u>Dismissal for Failure to State a Claims</u>: Plaintiff Benavidez claims to be proceeding on civil rights claims under 42 U.S.C. § 1983. (Doc. 1 at 1). Section 1983 states:

> Every person who, *under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983 (emphasis added). To hold an individual liable under § 1983, then, the

defendant must have acted under color of state law.

Plaintiff Benavidez does not allege that President Xi Jinping was acting under color of state law.  Instead, he claims that Defendant Xi Jinping acts "under International Law."  (Doc. 1 at 1).  Therefore, the Complaint fails to state a § 1983 claim on which relief can be granted. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).  The Court  also will dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

4. <u>Pending Motion</u>:  Also pending before the Court is Plaintiff's Motion to Amend Prayer for Relief.  (Doc. 4).  The Court will deny the pending Motion as moot in light of the Court's dismissal of this proceeding.

IT IS ORDERED:

(1) Plaintiff's Motion to Amend Prayer for Relief (Doc. 4) is DENIED as moot; and

(2)  The Prisoner's Civil Rights Complaint filed by Plaintiff Ernesto Benavidez (Doc. 1) is DISMISSED under Fed. R. Civ. P. 41(b) for failure to comply with Court orders and to prosecute, under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over the Defendant Xi Jinping, or under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.

_____
UNITED STATES DISTRICT JUDGE